IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| REVA STACK, LEIGH JEAN KOINZAN, AND ZITA DOUGLAS, on behalf of themselves and others similarly situated,<br><br>          Plaintiffs,<br><br>  vs.<br><br>AMERICAN MEDICAL INTERNATIONAL, et al.,<br><br>          Defendants. | 8:02CV266<br><br>ORDER OF PRELIMINARY APPROVAL OF CLASS SETTLEMENT |

This matter is before the court on the Plaintiffs' Motion of Preliminary Approval of Joint Stipulation of Settlement, Filing No. 91. Defendants have filed an objection to the motion and Plaintiffs have responded thereto, Filing Nos. 92 and 93. On December 1, 2005, this court conditionally certified a Class consisting of:

> Employees who were employed at St. Joseph Hospital, The Center for Mental Health, the Omaha Health Professions Center, the Medical Clinics and/or the Apartment Building and Pediatric Beds, their successors or assigns (collectively referred to as "HOSPITAL") on or before November 18, 1984, who were eligible to participate in the Creighton Omaha Regional Healthcare Corporation ("CORHCC") St. Joseph Hospital Employees Pension Plan, became participants in the AMI-St. Joseph Pension Plan on that date ("PLAN") and who continued to be employed by HOSPITAL through December 31, 1995.

Filing No. 89. Reva Stack, Leigh Jean Koinzan, and Zita Douglas were certified as class representatives and Fraser, Stryker, Meusey, Olsen, Boyer and Bloch, P.C. and Gross and Welch, P.C., were certified as class counsel.

The court has reviewed the Motion and the Joint Stipulation of Settlement. The Federal Rules provide that "[a] class action shall not be dismissed or

compromised without the approval of the court." Fed. R. Civ. P. 23(e). A class action settlement, like an agreement resolving any other legal claim, is a private contract negotiated between the parties. *Christina A. ex rel. Jennifer A. v. Bloomberg*, 315 F.3d 990, 992 (8th Cir. 2003). Nevertheless, Rule 23(e) requires the court to intrude on that private consensual agreement to ensure that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, adequate, and reasonable to all concerned. *Id.* "Under Rule 23(e) the district court acts as a fiduciary who must serve as guardian of the rights of absent class members." *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 123 (8th Cir. 1975).

By virtue of the fact that an action maintained as a class suit under Rule 23 has *res judicata* effect on all members of the class, due process requires that notice of a proposed settlement be given to the class. *Id.* at 120. Due process requires that notice of a hearing to review the compromise of a class suit be structured in terms of content in a manner that enables class members rationally to decide whether they should intervene in the settlement proceedings or otherwise make their views known, and if they choose to become actively involved, to have sufficient opportunity to prepare their position. *Reynolds v. National Football League,* 584 F.2d 280, 285 (8th Cir. 1978). The mechanics of the notice process are left to the discretion of the court subject only to the broad "reasonableness" standards imposed by due process. *Grunin*, 513 F.2d at 120. As a general rule, the contents of a settlement notice must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings. *Id.* at 121. In addition, the notice must provide a

2

reasonable time for those interested to make their appearance. *Id.* at 120. The notice on its face must also be "scrupulously neutral" and emphasize that the court is expressing no opinion on the merits of the case or the amount of the settlement. *Id.* at 122.

The parties have shown that mailing the notice of class action and proposed settlement and the notice of hearing to class members at their last known addresses via first class mail is the best notice practicable and is reasonably calculated to provide sufficient notice to all class members of the proposed settlement and hearing. The parties have not yet submitted a proposed notice to the court for review. Accordingly, the parties shall submit such notice to the court for approval before it is disseminated to class members. The notice should afford class members an opportunity to object to the proposed settlement.

The court's preliminary approval is only the first step in the process of approval of a class settlement. After notice is disseminated to all class members, the court will conduct a final approval or "fairness" hearing. *See Manual for Complex Litigation 3d* § 30.41 (1995). The court finds the Joint Stipulation of Settlement, Filing No. 91, modified as indicated in Filing Nos. 92 and 93, appears fair, reasonable and adequate, subject to approval of form of notice and subject to a hearing on final approval. Accordingly,

IT IS ORDERED:

1. Within five (5) days of the date of this order, Defendants shall provide the last known addresses for all members of the Class to Plaintiffs in electronic format acceptable to Class Counsel;

2. Within fourteen (14) days of the date of this Order, Defendants shall provide Plaintiffs a list of the Class members entitled to participate in the settlement, the amount of the settlement allocated to each participant and the data, information, formulae and algorithms utilized by defendants to calculate the amount of the settlement allocated to each Class member in printed and/or electronic format acceptable to Class Counsel;

3. On or before March 24, 2006, the parties shall submit their proposed Notice of Class Action and of Proposed Settlement and Notice of Hearing ("the Notice") to the court for its approval; a date for the Hearing on Final Approval will thereafter be set by further order of this court;

4. Upon approval of the proposed notice by this court, Defendants shall assume the mailing costs associated with notifying the class members of the pendency of the class action, settlement, and hearing thereon; and

5. Upon final approval of the settlement and after the Order of Final Approval of the Settlement becomes final and non-appealable, Defendants will be ordered to deposit settlement funds in the amount of $2,300,000.00 with the Clerk of Court and to deposit the sum of $700,000.00 with the Clerk of Court for disbursement to Fraser, Stryker, Meusey, Olsen, Boyer and Bloch, P.C.

DATED this 7th day of March, 2006.

                                              BY THE COURT

                                              s/Joseph F. Bataillon
                                              JOSEPH F. BATAILLON
                                              United States District Judge