IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| REVA STACK, LEIGH JEAN KOINZAN and ZITA DOUGLAS, | ) ) ) | 8:02CV266 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| AMERICAN MEDICAL INTERNATIONAL, INC., et al. | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court for approval of the parties' proposed "Notice of Pendency of Class Action, Proposed Comprise and Settlement, and Settlement Hearing" (hereinafter, "proposed notice"). The parties to this class action have entered into a settlement agreement, subject to the final approval by this court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. By previous order, the court found that the parties' proposed Joint Stipulation of Settlement ("proposed settlement"), Filing No. 91, Exhibit A, appeared fair, reasonable and adequate, subject to approval of form of notice and subject to a hearing on final approval. *See* Filing No. 94. The court has reviewed the parties' proposed notice, and finds it fairly apprises the members of the class of the terms of the proposed settlement and of their options in connection with the settlement. Accordingly, the court will approve the parties' proposed notice.

The court will conduct a final approval or fairness hearing to determine: whether the proposed settlement is fair, reasonable and adequate and should be approved by the court; whether the proposed settlement was negotiated at arm's length on behalf of the plaintiff class and defendant plan; to assure that an independent fiduciary, which will have acknowledged in writing that it is a fiduciary with respect to the settlement of this action on behalf of the Plan, has approved and authorized the proposed settlement in writing; and to rule upon other matters as the court may deem appropriate. Accordingly,

IT IS HEREBY ORDERED:

1. The parties' proposed notice, attached hereto, is approved.

2. A hearing on Final Approval of Class Settlement is set for **September 21, 2006, at 1:00 p.m.** in Courtroom No. 3 of the Roman Hruska U.S. Courthouse, 111 So. 18th Plaza, Omaha, NE 68102.

3. Class counsel shall mail, via first-class mail, a copy of the "Notice of Pendency of Class Action, Proposed Compromise and Settlement of Class Action, and Settlement Hearing," attached hereto, together with a copy of the proposed "Joint Stipulation of Settlement," attached hereto, to all class members, at their last known addresses, **within ten days of the date of this order**.

4. The names and addresses of the class members at their current or last known address shall be promptly provided by defendants to class counsel in a mutually acceptable electronic format to facilitate such mailing.

5. Class counsel shall file an affidavit of mailing of the notice on or before the date of the final approval hearing.

6. Any class member who objects to the proposed settlement or the judgment to be entered herein, or who otherwise wishes to be heard, may appear, in person or though counsel, at the hearing on Final Approval of Class Settlement and may present evidence or argument, provided that such person submits any objections in writing to the Clerk of the United States District Court, Roman Hruska U.S. Courthouse, 111 So. 18th Plaza, Omaha, NE 68102, on or before **September 14, 2006**, as set forth in the attached notice.

7. All discovery and other pretrial proceedings in this action, other than necessary to carry out the terms and conditions of the proposed settlement, are stayed.

8. Pending either final approval of the proposed settlement or termination of the proposed settlement by further order of the court, no current or former plan participant or beneficiaries may institute, commence or prosecute any claim that is covered by the notice.

DATED this 1st day of August, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| REVA STACK, LEIGH JEAN KOINZAN and ZITA DOUGLAS,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN MEDICAL INTERNATIONAL, INC., et al.<br><br>Defendants. | Case No.: 8:02CV266 |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED COMPRISE AND SETTLEMENT OF CLASS ACTION, AND SETTLEMENT HEARING**

**TO**: Employees who were employed at St. Joseph Hospital, The Center for Mental Health, the Omaha Health Professions Center, the Medical Clinics and/or the Apartment Building and Pediatric Beds, their successors or assigns (collectively referred to as "HOSPITAL") on or before November 18, 1984, who were eligible to participate in the Creighton Omaha Regional Healthcare Corporation ("CORHCC") St. Joseph Hospital Employees Pension Plan, became participants in the AMI-St. Joseph Pension Plan on that date ("PLAN") and who continued to be employed by HOSPITAL until after December 31, 1995,

**MEMBERS OF THE CLASS SHALL RECEIVE THE BENEFITS CONFERRED BY THIS CLASS SETTLEMENT UPON APPROVAL BY THE COURT IN ACCORDANCE WITH THE TERMS OF THE PROPOSED SETTLEMENT. ANY MEMBER OF THE CLASS WHO IS SATISFIED WITH THE PROPOSED SETTLEMENT NEED NOT APPEAR AT THE HEARING OR TAKE ANY OTHER ACTION. ANY MEMBER WHO OBJECTS MUST**

**FILE AN OBJECTION BY SEPTEMBER 14, 2006 AND APPEAR AT THE HEARING ON FINAL APPROVAL OF CLASS SETTLEMENT ON SEPTEMBER 21, 2006 AT 1:00 P.M. IN COURTROOM NO. 3 OF THE ROMAN HRUSKA FEDERAL COURTHOUSE, 111 SO. 18TH PLAZA, OMAHA, NE 68102, AS SET FORTH HEREIN.**

**PLEASE READ THIS IMPORTANT NOTICE WITH CARE BECAUSE IT AFFECTS YOUR RIGHTS WITH RESPECT TO THIS CLASS. THE PURPOSE OF THIS NOTICE IS TO ADVISE YOU OF THE PENDENCY OF THIS ACTION, A PROPOSED SETTLEMENT OF THE ACTION, AND YOUR RIGHTS WITH RESPECT TO THIS ACTION. THIS NOTICE IS NOT AN EXPRESSION OF OPINION BY THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES ASSERTED BY ANY PARTY IN THIS ACTION.**

NOTICE IS HEREBY GIVEN of the pendency and of the proposed settlement of the above-captioned lawsuit.

**I.     DESCRIPTION OF THE LITIGATION**

**A.     The Parties**

On June 6, 2002, an action entitled Reva Stack, Leigh Jean Koinzan and Zita Douglas v. American Medical International, Inc., et al., Case No. 8:02CV266, was filed in the United States District Court for the District of Nebraska (the "Action"). Plaintiffs Reva Stack, Leigh Jean Koinzan and Zita Douglas filed the Action on behalf of themselves and as representatives of the plaintiff Class (collectively referred to as "Plaintiffs").

The Action asserts claims under the Employee Retirement Income Security Act of 1974 as amended, ("ERISA") against Tenet Healthcare Corporation, Creighton St. Joseph Regional Healthcare System, LLC, State Street Bank and Trust Company, and John Does believed to be members of the Pension Committee, the Pension Administration Committee and the Director or Retirement Plans for Tenet and the Plan Administrator of the American Medical International, Inc. Pension Plan (referred to collectively as "Defendants").

B.  **The Claims**

Plaintiffs' allegations are set forth in the Complaint and the Amended Complaint (collectively referred to as the "Complaint") filed with the Court and are a matter of public record available to the public for inspection at the Office of the Clerk of the Court for the United States District Court for the District of Nebraska.  The Plaintiffs in this Action have made the following claims against Defendants on behalf of the Class.

1.  Plaintiffs allege the freezing of the AMI Pension Plan as of December 31, 1995 was not valid with respect to them.  They further allege that they are entitled to accrue benefits through their retirement or termination date under the AMI Plan in accordance with the provisions of the CORHCC Pension Plan, the Saint Joseph Pension Plan or the AMI Pension Plan as they existed prior to December 31, 1995.  Plaintiffs further claim that they are entitled to have their entitlement to benefits determined.

2.  Plaintiffs further claim that the freezing of benefit accruals violated ERISA entitling Plaintiffs to bring their Action on behalf of the AMI Pension Plan, as amended (sometimes referred to herein as the "Plan") for equitable restitution for contributions that should have been made plus earnings.

3.  Plaintiffs claim that Tenet breached its fiduciary duty to Plaintiffs in failing to adhere to Plan documents and other instruments governing the Plan and by failing to make contributions to the Plan.  Plaintiffs further assert that the other Defendants breached their fiduciary duties by failing to take reasonable steps to correct Tenet's breach of fiduciary duty.  Plaintiffs assert that the Defendants are jointly liable and should restore to the Plan the contributions that they allege should have been made.

KC-1317447-1
419804v4                                             3

       4.      Plaintiffs claim that Tenet interfered with Plaintiffs' ERISA rights by attempting to offset claims for benefits with accruals under the Tenet 401(k) Plan and offering compensation in lieu of benefits under the AMI Pension Plan.  Plaintiffs further allege that Tenet's and LLC's failure to credit compensation and service performed for HOSPITAL under the AMI Pension Plan after December 31, 1995 constitutes discrimination for the purpose of interfering with Plaintiffs' continuing rights.  Plaintiffs seek equitable restitution consisting of contributions and earnings.

## II.   CLASS ACTION

The Court has ruled that the claims described above may be maintained as a class action on behalf of the named Plaintiffs and a Plaintiff Class consisting of the following:

> Employees who were employed at St. Joseph Hospital, The Center for Mental Health, the Omaha Health Professions Center, the Medical Clinics and/or the Apartment Building and Pediatric Beds, their successors or assigns (collectively referred to as "HOSPITAL") on or before November 18, 1984, who were eligible to participate in the Creighton Omaha Regional Healthcare Corporation ("CORHCC") St. Joseph Hospital Employees Pension Plan, became participants in the AMI-St. Joseph Pension Plan on that date ("PLAN") and who continued to be employed by HOSPITAL until after December 31, 1995,

There are 557 persons who comprise the Class.

Reva Stack, Leigh Jean Koinzan and Zita Douglas are representatives of the Class. Their attorneys, Michael Schleich and Daniel Wintz of the Law Firm Fraser, Stryker,

Meusey, Olesen Boyer and Bloch, P.C. and Michael Mooney of Gross and Welch, P.C., are counsel for the Class ("Class Counsel").

If you are a member of the Class, you have the following rights and obligations:

1.  Plaintiffs and Class Counsel will act as representatives and counsel for the purposes of this action. If you desire, you may appear by your own attorney. You may also seek to intervene individually to advise the Court, if at any time, you believe that you are not being fairly and adequately represented by Plaintiffs and Class Counsel.

2.  You are entitled to notice of any ruling reducing the size of the Class. For this reason, you are requested to notify Class Counsel of any corrections or changes in you name or address. This notice is to provide you with an opportunity to be heard respecting the proposed settlement of Class claims.

### III. SETTLEMENT

**The specific terms of the proposed settlement are set forth in the Joint Stipulation of Settlement which is attached to this Notice.**

Plaintiffs and Class Counsel have engaged in extensive pre-trial investigation and analysis of the relevant facts and law, including the review of documents obtained from Defendants and third-party witnesses. Based on this investigation and analysis, Plaintiffs and Class Counsel consider it desirable and in the best interests of the Class to resolve this Action and any other claims that could have been brought as part of this or an amended Action. The terms and conditions of the resolution of the Action are set forth in the Settlement Agreement. The decision to settle this Action was made after considering: (a) the substantial benefits of the settlement; (b) the delay and uncertainty of the outcome if Class claims are litigated to their conclusion; and (c) the determination by Class Counsel

that the settlement provided is fair, reasonable and adequate and in the best interest of the Class.

State Street Bank and Trust Company has been dismissed as a Defendant with respect to the Class Action.

Defendants deny all liability with respect to any and all of the facts and claims alleged in the Action and deny that they have engaged in any wrongful or illegal activity or that they violated any laws, regulations or fiduciary duties. Defendants further deny that any person or entity has suffered any damage or harm as a result of their conduct. Defendants consider it desirable, however, that the Action be settled and comprised in accordance with the terms of the Settlement Agreement. Defendants have reached this conclusion solely because settlement and compromise of the Action will avoid the delay and expense of continued litigation and will finally put Class claims to rest. With respect to the Defendants, the settlement includes dismissal with prejudice of the Class Action and release and dismissal with prejudice of related causes of action; that a single settlement payment will be made to the Plan on behalf of the Class; that the payment will be allocated among Class members as set forth in the Joint Stipulation of Settlement; that the Plan will continue to be frozen and no additional benefits will accrue; and that Defendants reserve the right in their sole discretion to terminate the Plan at any time. In deciding to settle the controversy, all parties and their attorneys have taken into account the likelihood that this complex litigation, if not settled, will be further protracted, including potentially time consuming appeals.

Among other things, the proposed settlement provides for Defendants to make a total payment into the Plan on behalf of certain Class members in the amount of

$2,300,000.00. Not all Class members will receive an enhanced benefit under the Plan because the benefit accrual provisions, for them, produce a higher benefit without considering compensation and/or service after December 31, 1995. In addition, the total amount paid by the Defendants to Class Counsel for attorneys' fees and expenses is $700,000.00. The proposed settlement is conditioned upon the approval by an independent fiduciary, which shall have acknowledged in writing that it is a fiduciary with respect to the settlement of this Action on behalf of the Plan, that the Settlement Agreement complies with the terms of the Department of Labor's Class Exemption for the Release of Claims and Extensions of Credit in Connection with Litigation, PTE 2003-39, does not constitute a "prohibited transaction" as defined in ERISA §§ 406(a) or (b), is authorized by, as is appropriate for, the Plan, and requires the Plan Administrator to retain for a period of six years the records necessary for the Class members and other persons described in PTE 2003-39 to determine whether the conditions of said exemption have been met.

**The specific terms of the proposed settlement are set forth in the Joint Stipulation of Settlement which is attached to this Notice.** If you have questions about the portion of the proposed settlement that will be paid into the Plan on your behalf; if your last name begins with the letters A through K, you may call Dawn Carter at (402) 341-6000 or, if your last name starts with the letters L through Z, you may call Theresa Barnes at (402) 392-1500.

### IV.     NOTICE OF HEARING

On August 2, 2006, The United States District Court for the District of Nebraska ordered that a Hearing on Final Approval of Class Settlement will be held in

Courtroom 3 of the United States District Court, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska, on **September 21, 2006 at 1:00 p.m.** to determine the fairness and reasonableness of the proposed settlement.  If no objections are timely filed, the date of the hearing may be changed.

## V. RIGHT TO APPEAR

Any Class member who objects to the Settlement Agreement or the Judgment to be entered herein, or who otherwise wishes to be heard, may appear in person or by his/her attorney at the Settlement Hearing and present any evidence or argument that may be proper or relevant.  Provided, however, that no person objecting to the Proposed Settlement shall be heard, and no papers, briefs, pleadings or other documents submitted by any such person shall be received or considered by the Court (unless the Court in its discretion shall thereafter otherwise direct, upon application of such person and for good cause shown) unless such person files with the Court, **no later than September 14, 2006**:   (a)  a notice of the intention to appear, (b) a statement of such person's eligibility as a participant, beneficiary or other status in the Plan, (c) a statement of such person's objection to any matter before the Court, and (d) grounds therefore or the reasons for such person's desiring to appear and be heard, as well as all documents or writings that such person desires the court to consider.  In addition, all documents so filed, on or before the date of such filing with the Court shall be served on the following attorneys for the parties:

```
Michael L. Schleich              NE #13690
Daniel J. Wintz                  NE #14568
Fraser, Stryker, Meusey, Olson
   Boyer & Bloch, P.C.
500 Energy Plaza
409 South 17th Street
```

KC-1317447-1
419804v4                                         8

Omaha, NE  68102
Telephone:  (402) 341-6000
Facsimile:  (402) 341-8290

and

Michael J. Mooney                NE #12886
Gross & Welch, P.C.
2120 South 72nd Street, Suite 800
Omaha, Nebraska  68124
Telephone:  (402) 392-1500
Facsimile:  (402) 392-1538

Attorneys for Plaintiffs

Shelley A. Runion                MO #41055
Blackwell Sanders Peper Martin, LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 641112
Telephone:  (816) 983-8000
Facsimile:  (816) 983-8080

and

Theresa D. Koller                NE #22437
Blackwell Sanders Peper Martin, LLP
1620 Dodge Street, Suite 2100
Omaha, Nebraska 68102-1504
Telephone:  (402) 964-5000
Facsimile:  (402) 964-5050

Attorneys for Defendants

## VI.    EXAMINATION OF PAPERS

AS EXPLAINED ABOVE, THIS NOTICE CONTAINS A SUMMARY OF THE LITIGATION AND OF THE PROPOSED SETTLEMENT.  FOR MORE COMPLETE INFORMATION CONCERNING THE LITIGATION AND THE PROPOSED SETTLEMENT, YOU MAY INSPECT THE PLEADINGS, JOINT STIPULATION OF SETTLEMENT AND OTHER PAPERS ON FILE IN THIS LITIGATION DURING NORMAL BUSINESS HOURS AT THE OFFICE OF THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA.

IF YOU HAVE ANY QUESTIONS AFTER READING THIS NOTICE, YOU MAY WRITE CLASS COUNSEL: **Michael L. Schleich, or Daniel J. Wintz, Fraser, Stryker, Meusey, Olson Boyer & Bloch, P.C., 500 Energy Plaza, 409 South 17th Street, Omaha,**

**Nebraska 68102, or, if your last name begins with the letters A through K, you may call Dawn Carter at Tel: (402) 341-6000, or Michael J. Mooney, Gross & Welch, P.C., 2120 South 72nd Street, Suite 800, Omaha, Nebraska 68124, or, if your last name begins with the letters L through Z, you may call Theresa Barnes at Tel: (402) 392-1500.**

**PLEASE DO NOT WRITE TO OR TELEPHONE THE COURT.**

Dated: August __, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| REVA STACK, LEIGH JEAN KOINZAN and ZITA DOUGLAS, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN MEDICAL INTERNATIONAL, INC., et al. <br><br> Defendants. | ) ) ) ) ) ) ) Case No.: 8:02CV266 ) ) ) ) ) |

## JOINT STIPULATION OF SETTLEMENT

Plaintiffs, by and through Class Counsel and the Class Representatives ("Plaintiffs"), and Defendants, Tenet Healthcare Corporation, Creighton Saint Joseph Regional Healthcare System, L.L.C., American Medical International, Inc. Pension Plan ("Plan") and J. Doe 1 through J. Doe 10, believed to be members of the Pension Committee of the Board, the Pension Administration Committee, the Director of Retirement Plans, the Plan Administrator ("Defendants"), subject to the Court's issuance of an Order approving this Joint Stipulation of Settlement ("Settlement' or "Agreement"), state that this action has been settled on the following terms:

1. When the Order issued by this Court approving this Settlement becomes final, as defined in the second sentence of this paragraph, the sum of $2,300,000.00 will be allocated within the Plan for the benefit of the Class members as set forth herein and as allocated below. As used in the first sentence of this paragraph, the term "final" means the time for filing an appeal with respect to the Order approving the Settlement has expired with no appeal having been filed by any person, or, if appealed, the Order approving the Settlement is affirmed and all rights to further appeal by any person have been exhausted

or foreclosed. This payment will constitute final payment to all members of the Class, whether living, deceased or class representative.

2. After the Order is issued by this Court approving the Settlement becomes final (as defined in the second sentence of paragraph (1)), the funds specified above shall be allocated within the trust.

3. The respective interest of each Class member in the Settlement proceeds will be calculated by taking into account each Class member's years of service and annual earnings from the earlier of each participant's actual termination of employment or retirement or August 31, 2005, as though the Plan had continued from December 31, 1995 to the applicable date with respect to a respective Class member. For purposes of the Settlement and the calculation, under no circumstances will a Class member's employment be deemed to extend beyond August 31, 2005. The calculations will be subject to change by the actuaries to ensure that all applicable discrimination tests be met. Additionally, individual Class members or their beneficiaries continue to be subject to the terms of the Plan, including those governing the payment of benefits. Not all Class members will receive an enhanced benefit under the Plan because the benefit accrual provisions of the Plan, for them, produce a higher benefit without considering compensation and/or service after December 31, 1995.

4. Prior to final approval of this Settlement an independent fiduciary shall certify the following (1) that it is acting as an independent fiduciary on behalf of the Plan and its participants for purposes of complying with Prohibited Transaction Exemption 2003-39 ("PTE 2003-39") with respect to the settlement of this action; (2) that the Settlement is reasonable in light of the plan's likelihood of full recovery, the risks and costs of litigation, and the value of claims foregone; and (3) that the terms and conditions of the Settlement

are no less favorable to the Plan than a comparable arm's-length transaction that would have been agreed to by unrelated parties under similar circumstances and is not part of an agreement, arrangement or understanding to benefit a party in interest. The independent fiduciary shall cause the record-keeping and record-availability requirements of PTE 2003-39 to be met.

5. Class Counsel will mail by first class mail to each Class member a Notice of Settlement in a form jointly tendered by the parties and approved by the Court which sets forth the terms of this Settlement. The cost of mailing shall be borne by Defendants. The Settlement Notice shall state that on **September 21, 2006**, beginning at **1:00 p.m.** in Courtroom No. 3 of the Roman Hruska Federal Courthouse, 111 So. 18th Plaza, Omaha, NE 68102, any class member may object to the Court concerning the terms of this Settlement. As set forth in the Settlement Notice, any objections must be submitted in writing to the Clerk of the United States District Court, Roman Hruska Federal Courthouse, 111 So. 18th Plaza, Omaha, NE 68102, **on or before September 14, 2006.** A copy of the Notice of Proposed Class Action Settlement is attached as Exhibit A.

6. Upon approval of this Settlement by the Court and such approval becoming final as defined in Paragraph (1) of this document, the Amended Complaint, and all claims which were or could have been pleaded therein, shall be dismissed with prejudice. The named Plaintiffs and all members of the Class, by and through their Class Representatives (the "Class Members"), hereby RELEASE AND FOREVER DISCHARGE Tenet Healthcare Corporation, Creighton Members"), Tenet Healthcare Corporation, Creighton Saint Joseph Regional Healthcare System, L.L.C., State Street Bank and Trust Company, the American Medical International, Inc. Pension Plan and J. Doe 1 through J. Doe 10, believed to be members of the Pension Committee of the Board, the Pension Administration Committee,

the Director of Retirement Plans, the Plan Administrator and all their past, present and future officers, directors, trustees, stockholders, agents, servants, attorneys, representatives, employees, affiliates, parents, subsidiaries, partners, predecessors and successors in interest and assigns (the "Released Parties"), from and against any and all claims, demands, requests for benefits, actions, suits, causes of action, damages, obligations, debts, contracts, agreement, accounts, losses, liabilities and compensation of any kind whatsoever, whether based on federal or state statute, contract, tort or any other theory of recovery, at law, in equity or otherwise, whether known or unknown, suspected or unsuspected, asserted or unasserted (the "Actions"), which any Class members now has or may have, or which may accrue hereafter or otherwise be acquired, and which were or might have been asserted in the Amended Complaint filed in this action by the named Plaintiffs on their behalf and/or on behalf of the Class members.

7.   That the Plan will continue to be frozen and no additional benefits will accrue; and that Defendants reserve the right in their sole discretion to terminate the Plan at any time.

8.   This Agreement shall be binding upon the parties and their respective administrators, predecessors, successors, assigns, agents, servants, directors, officers, and employees, and upon any corporation or other entity into or with which any party hereto may merge or consolidate.

9.   All proceedings with respect to this Agreement and the determination of all controversies relating thereto, including disputed issues of law and the fact with respect to the validity of claims, and defenses, shall be subject to the continuing jurisdiction of the District Court.

10. The parties to the litigation and their attorneys agree to cooperate fully with one another in seeking court approval of the Agreement and dismissal of the litigation with prejudice, and to use their best efforts to consummate this Agreement and the proposed settlement provided for hereunder.

11. Tenet will pay to Class Counsel within 5 days of the Order approving the settlement becoming final and non-appealable the sum of $700,000.00 for any attorneys' fees and expenses and all costs incurred or paid by Plaintiffs' counsel. Such payment shall be paid in full satisfaction for all claims for attorneys' fees, costs and expenses.

12. In the event that this Settlement is not approved by the Court, this Stipulation shall be without prejudice to the rights of any party. In such event, this Stipulation shall not be used in any subsequent proceedings in this Court or any other Court.

AGREED TO AND ACCEPTED BY:

_____                Dated:_____,
2006
Michael L. Schleich

_____                Dated:_____,
2006
Michael J. Mooney

ATTORNEYS FOR PLAINTIFFS

_____                Dated:_____,
2006
Shelley A. Runion

ATTORNEY FOR DEFENDANTS